UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GEORGE TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:15-cv-00084-LJM-MJD |
| | ) | |
| LEANN LARIVA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I. Background**

The pleadings and the expanded record in this action for habeas corpus relief establish the following:

1. George Taylor is confined in this District serving a sentence imposed by the United States District Court for the Western District of Kentucky. He seeks a writ of habeas corpus.

2. The pertinent circumstances associated with Taylor's federal custody include the following:

a. Taylor was arrested by state authorities on January 2, 1997. He was loaned to federal authorities on February 19, 1997 and remained in that custody until sentenced on November 17, 1997 to a term of 378 months in federal court in the Western District of Kentucky in No. 4:97-CR-001-003 (hereafter "the federal sentence").

b. Taylor was returned to state custody following the imposition of the federal sentence. On January 26, 1998, Taylor was sentenced in an Indiana state court to a concurrent term of 40 years. The state court designated that sentence to be served concurrent with the federal sentence.

  c. Taylor's state sentence was modified on September 10, 2001 to a term of 10 years. In the resentencing, the state court did not direct that its sentence be served concurrent with the federal sentence.

  d. With Taylor's modified state sentence having been served, he was released to the Federal Bureau of Prisons ("BOP") on September 10, 2001.

  e. The BOP has not awarded Taylor any credit toward his federal sentence for the time Taylor spent in state custody serving the sentence imposed on September 10, 2001.

 3. Taylor filed a petition for writ of habeas corpus on March 19, 2015. His contention is that he is entitled to credit toward service of his federal sentence commencing with his arrest on January 2, 1997 and continuing through the date he was released to the BOP on September 10, 2001.

## II. Discussion

The authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted. *Wilson*, 503 U.S. at 337 (a defendant cannot "receive a double credit for his detention time").

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they

run concurrently." *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3584(a)), *reh'g denied* (Jul. 31, 2003). Pursuant to 28 U.S.C. § 3621(b), however, "the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010) (per curiam) (citing *Barden v. Keohane,* 921 F.2d 476, 480 (3d Cir. 1990)). When such a designation is made, the BOP essentially allows the state and federal sentences to run concurrently. *Setser v. United States,* 132 S. Ct. 1463, 1467–68 (2012). That designation was not made by the BOP in Taylor's case, although the BOP assessed the appropriateness of doing so and concluded that it was not warranted.

The BOP will only make such a designation "when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05. The BOP's *nunc pro tunc* designation is "entitled to substantial deference," and can only be overturned for an abuse of discretion. *Fegans v. United States,* 506 F.3d 1101, 1105 (8th Cir. 2007). Indeed, "the decision whether to designate a [state] facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul–Malik v. Hawk–Sawyer,* 403 F.3d 72, 76 (2d Cir. 2005) (citing *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir. 2002)).

Taylor has not shown that the BOP committed an abuse of discretion in deciding not to make a *nunc pro tunc* designation. The modified state sentence did not include a designation that it was to have been served concurrently with the federal sentence, though even if it had included such language the BOP would not be bound by it. *Loewe v. Cross*, 589 F. App'x 788, 789 (7th Cir.

2014) (citing cases). Accordingly, he is not entitled to relief here. *United States v. Fortt*, 608 F. App'x 88, 89-90 (3d Cir. 2015).

### III. Conclusion

The statutory scheme dictates that the sentences run consecutively. No exception to this application of this scheme is applicable here. Therefore, the BOP has not erred in the computation of Taylor's federal sentence and his petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _____09/11/2015_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Electronically Registered Counsel

GEORGE LEROY TAYLOR
06272-033
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808